**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PETER E. LANDER, INDIVIDUALLY AND AS TRUSTEE FOR THE LANDER GOURDINE FAMILY REVOCABLE LIVING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWAYS OF RIDGEVIEW RESIDENTIAL ASSOCIATION, INC., ET AL.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-509-AGD |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff Peter E. Lander's ("Plaintiff") Motion to Strike or Exclude Defendants' Expert Witnesses Autumn L. Keefer and Mike Prather ("Motion to Strike") (Dkt. #52) and Motion for Sanctions Against Defense Counsel for Improper Designation of Counsel as Expert Witnesses ("Motion for Sanctions") (Dkt. #53). Having reviewed the motions (Dkt. #52; Dkt. #53) and all other relevant filings, the court orders that Plaintiff's motions (Dkt. #52; Dkt. #53) should be denied.

**BACKGROUND**

On May 13, 2025, Plaintiff filed the instant lawsuit against Defendants Fairways of Ridgeview Residential Association, Inc. ("Defendant Fairways"), CMA Management, Inc. ("Defendant CMA"), and Riddle & Williams, P.C. ("Defendant Riddle") (Dkt. #1).[1] On August 18, 2025, the court entered its Scheduling Order (Dkt. #41). Pursuant to that order, Defendants

[1] Plaintiff has since filed a First Amended Complaint and added Defendants Ashton Woods Corporate LLC and Atmos Energy Corporation (Dkt. #89). Motions are currently pending concerning which parties should be before the court. *See* Dkts. ##125, 130, 132.

Fairways and CMA filed their expert witness disclosures on October 30, 2025 (Dkt. #51). Therein, Defendants named Mike Prather ("Prather") and Autumn Keefer ("Keefer") as non-retained expert witnesses (Dkt. #51, at pp. 1-2). Neither provided an expert report, but the disclosures documented Prather and Keefer's qualifications and included their biographies/resumes (Dkt. #51). Both experts represent Defendants Fairways and CMA in the instant litigation (Dkt. #51, at pp. 1-2). They each plan to testify "regarding the reasonableness of Defendants' attorney's fees related to the defense against Plaintiff's claims. [And] may also testify as to the reasonableness of attorney's fees claimed by Plaintiff" (Dkt. #51, at pp. 1-2).

On November 17, 2025, Plaintiff filed his Motion to Strike Prather and Keefer (Dkt. #52).[2] In his Motion to Strike, Plaintiff argues the court should exclude Prather and Keefer from "testifying or submitting any evidence in this matter" because 1) they didn't submit a report as required by Federal Rule of Civil Procedure 26(a)(2)(B), 2) "ethical conflicts under Model Rule 3.7 of the ABA Model Rules of Professional Conduct" prevent their testimony, and 3) their testimony would "lack[] the independence and objectivity necessary to meet the Daubert" and Federal Rule of Evidence 702 requirements (Dkt. #51, at pp. 2-3).

In response, Defendants Fairways and CMA filed their Opposition to Plaintiff's Motion to Strike and/or Exclude Defendants' Expert Witnesses (Dkt. #55). Therein, Defendants Fairways and CMA argue that they designated non-retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) so "no written report is required" (Dkt. #55, at p. 2). Moreover, they detail that "Courts consistently recognize than an attorney testifying to their own fees are **not** considered to be retained experts…" (Dkt. #55, at p. 2). In his Reply, Plaintiff argues that "cases involving

[2] The court notes that Defendant Riddle also designated its expert witnesses on October 30, 2025 (Dkt. #50). Therein, Defendant Riddle designated its own counsel as expert witnesses, but Plaintiff did not challenge those designations.

post-trial fee determinations do not apply here, where counsel seeks to testify during active litigation on contested issues" (Dkt. #63, at p. 3).

Additionally, on November 17, 2025, Plaintiff filed his Motion for Sanctions (Dkt. #53). Therein, Plaintiff moves the court to strike Prather and Keefer, pay Plaintiff's reasonable costs and expenses incurred in objecting to the designations, and admonish/discipline the named experts (Dkt. #53, at p. 4). Plaintiff reargues that Prather and Keefer are not "independent experts as required by Rule 26(a)(2)(B)" and failed to submit expert reports (Dkt. #51, at p. 2). Plaintiff also reasserts his Model Rule 3.7 argument (Dkt. #53, at p. 3). Finally, Plaintiff urges the court to find that Prather and Keefer "unreasonably and vexatiously multiplie[d] the proceedings" through their designations (Dkt. #53, at p. 3). Plaintiff cites 28 U.S.C. § 1927 when making this final argument for sanctions (Dkt. #63, at p. 3).

Defendants Fairways and CMA respond to Plaintiff's new argument by asserting that sanctions under 28 U.S.C. § 1927 are inappropriate in this situation (Dkt. #54, at p. 3). Namely, Defendants CMA and Fairways argue that to succeed under § 1927, "Plaintiff must demonstrate that Defendants' counsel acted in a way to 'multiply the proceedings in any case unreasonably and vexatiously'…[m]ere disagreement with a legal position—even if incorrect—does not satisfy the requirements of sanctionable conduct under 28 U.S.C. § 1927" (Dkt. #54, at p. 3). They further claim that "Defendants' expert disclosures were legally grounded, consistent with federal authority, and made in good faith. No additional proceedings have been multiplied as a result…" (Dkt. #54, at p. 4). Plaintiff responds by asserting that this issue hinges on the "impropriety of designating counsel of record as experts in their own case" (Dkt. #62, at p. 2). Plaintiff further claims that "Defense counsel cannot elevate themselves as experts on the reasonableness of their own conduct, fees, strategies, billing, and litigation decisions" (Dkt. #62, at p. 3). Plaintiff then

amends his relief and specifically requests the imposition of $25,000 to $30,000 in monetary sanctions against Defendants Fairways and CMA (Dkt. #62, at p. 7).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides the framework for disclosure of experts in federal court. FED. R. CIV. P. 26(a)(2). Federal Rule of Civil Procedure 26(a)(2)(A) states that when disclosing expert witnesses, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If a party retains or specially employs an expert to provide testimony, the party must also provide a written report. FED. R. CIV. P. 26(a)(2)(B). If, on the other hand, the party does not retain or specially employ the expert, the expert need only provide a disclosure statement regarding "(i) the subject matter on which the [expert] is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the [expert] is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

"The Eastern District of Texas has held that an expert report is not required when an *attorney who represents a party in the current litigation will testify* as to reasonable and necessary attorney's fees because these types of attorneys do not qualify as an expert who was retained or specially employed to provide expert testimony." *Aguirre v. S&B Eng'rs & Constructors, Ltd.*, No. 1:13-CV-384-MAC-KFG, 2014 WL 12906441, at *7 (E.D. Tex. July 28, 2014) (citation omitted) (emphasis added). Importantly, at the time of the attorney's disclosure, "the exact amount of attorney's fees [does not need to] be ascertained 'because, as [the] case proceeds to trial, the attorneys' fees continue to accrue.'" *Id.* (citation omitted).

An expert's testimony, even an attorney's testimony on the reasonableness of attorney's fees, must also be admissible. The Supreme Court's framework, pursuant to *Daubert v. Merrell*

*Dow Pharms., Inc.*, governing the admissibility of expert testimony, requires that "(1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable." *Hernandez v. Rush Enters., Inc.*, No. 4:19-CV-00638, 2021 WL 857987, at *6 (E.D. Tex. Mar. 8, 2021) (citing *Daubert,* 509 U.S. 579, 590-91 (1993)). These requirements were effectively codified in Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 268 (5th Cir. 2022) (quoting FED. R. EVID. 702). "When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony under a preponderance of the evidence standard." *N. E. Indep. Sch. Dist. v. Bianca R* , No. SA-23-CV-00769-DAE, 2024 WL 280729, at *3 (W.D. Tex. Jan. 24, 2024) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)).

**ANALYSIS**

Because the court finds that Defendants Fairways and CMA have established that Prather and Keefer's testimony satisfy the Federal Rules of Civil Procedure and Evidence, Plaintiff's Motion to Strike (Dkt. #52) and Motion for Sanctions (Dkt. #53) should be denied.

***1. Federal Rule of Civil Procedure 26(a)(2)(B)***

Initially, Plaintiff argues that the designation of Prather and Keefer as experts must be struck because Defendants did not provide expert witness reports as required by the Federal Rules of Civil Procedure (Dkt. #52, at p. 2). As explained above, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), "an expert report is not required when an *attorney who represents a party in the current litigation will testify* as to reasonable and necessary attorney's fees." *Aguirre*, 2014 WL 12906441, at *7 (emphasis added). In Defendants Fairways and CMA's disclosure of Prather and Keefer as expert witnesses, Defendants specified that their counsels' testimony would be "regarding the reasonableness of Defendants' attorney's fees related to the defense against Plaintiff's claims. [And] [they] may also testify as to the reasonableness of attorney's fees claimed by Plaintiff" (Dkt. #51, at 1-2). As such, Defendants Fairways and CMA did not need to include an expert report in their disclosures for these experts. *See id.* Thus, Plaintiff cannot strike these experts on this ground.

For these same reason, Plaintiff's Motion for Sanctions for the experts' lack of reports fails (Dkt. #53, at p. 8).

***2. Model Rule 3.7 of the ABA Model Rules of Professional Conduct***

Plaintiff's second argument for Prather and Keefer's disqualification as expert witnesses is Model Rule 3.7 of the American Bar Association's ("ABA") Model Rules of Professional Conduct (Dkt. #52, at p. 2). Namely, Plaintiff argues that because Prather and Keefer are counsel for Defendants, "their designation as 'expert witnesses' violates fundamental principles of independence and impartiality required of expert testimony. Their testimony would amount to advocacy, not expertise, and would present serious ethical conflicts under Model Rule 3.7 of the ABA Model Rules of Professional Conduct" (Dkt. #52, at p. 2).

However, Model Rule 3.7 specifically states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness *unless*… the testimony *relates to the nature and value of legal services* rendered in the case…" MODEL RULES OF PRO. CONDUCT r. 3.7 (A.B.A. 1983) (emphasis added). Clearly, Prather and Keefer's testimony regarding the reasonableness of attorney's fees relates to "the nature and value of legal services rendered in [a] case" (Dkt. #51, at 1-2). *Id.* Moreover, attorneys in Texas are subject to the Texas Disciplinary Rules of Professional Conduct, rather than the ABA Model Rules of Professional Conduct. *See Texans Against Censorship, Inc. v. State Bar of Texas*, 888 F. Supp. 1328, 1334 (E.D. Tex. 1995), *aff'd*, 100 F.3d 953 (5th Cir. 1996). In Texas,

> [a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, *unless…the testimony relates to the nature and value of legal services rendered in the case*.

Texas Disciplinary Rules of Professional Conduct, § 3.08, (Texas Center for Legal Ethics, 2026) from https://legalethicstexas.com/resources/rules/texas-disciplinary-rules-of-professional-conduct/lawyer-as-witness/ (last visited Feb 17, 2026) (emphasis added). Accordingly, even under Texas's Disciplinary Rules of Professional Conduct, Prather and Keefer's testimony is specifically exempt from the general prohibition against lawyers serving as witnesses in cases in which they represent a party. *See id.* Thus, Plaintiff's Motion to Strike on this ground fails.

Likewise, Plaintiff's Motion for Sanctions based on Model Rule 3.7 fails as well (Dkt. #53, at p. 8).

***3. Federal Rule of Evidence 702***

Plaintiff's third basis for Prather and Keefer's disqualification focuses on Federal Rule of Evidence 702 (Dkt. #52, at p. 3). Plaintiff argues that "[t]estimony from opposing counsel, offered

under the guise of expertise, lacks the independence and objectivity necessary to meet the Daubert standard" (Dkt. #52, at p. 3). However, a party's counsel serving as an expert witness on attorneys' fees is not prohibited by the Federal Rules of Evidence/*Daubert*. Thus, Plaintiff's Motion to Strike on this ground fails.

Likewise, Plaintiff's Motion for Sanctions regarding Prather and Keefer not being "independent experts," fails as well (Dkt. #53, at p. 8).

***4. 28 U.S.C. § 1927***

Plaintiff's last argument for sanctions rests upon 28 U.S.C. § 1927 (Dkt. #53, at pp. 3, 9). Namely, Plaintiff asserts that Prather and Keefer "unreasonably and vexatiously multiplie[d] the proceedings" by designating themselves as experts regarding attorneys' fees (Dkt. #53, at p. 3). However, as outlined above, the designation of Prather and Keefer as experts regarding attorney's fees was not improper. This statute only applies when proceedings are unreasonably and vexatiously multiplied because of an attorney's conduct. 28 U.S.C. § 1927. Since Prather and Keefer's designation was proper, the proceedings have not been unreasonably or vexatiously multiplied by Defendants Fairways or CMA's expert witness designations. *See* 28 U.S.C. § 1927. As such, Plaintiff's Motion for Sanctions fails on this ground.

**CONCLUSION**

For the foregoing reasons, the court hereby **DENIES** Plaintiff's Motion to Strike or Exclude Defendants' Expert Witnesses Autumn L. Keefer and Mike Prather (Dkt. #52) and Motion for Sanctions Against Defense Counsel for Improper Designation of Counsel as Expert Witnesses (Dkt. #53).

**IT IS SO ORDERED.**

**SIGNED this 22nd day of September, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE